UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIE A. HOUSTON,

                    Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                    Defendant.

Case No. 2:15-cv-01025-KLS

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge.[1] The Court finds that defendant's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On July 23, 2009, plaintiff applied for SSI benefits alleging she became disabled beginning February 1, 2002, due to depression, attention deficit hyperactivity disorder, posttraumatic stress disorder, arthritis, irritable bowel syndrome, and fibromyalgia.[2] Plaintiff's application was denied on initial administrative review and on reconsideration.[3] At a hearing

---

[1] 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13.

[2] Dkt. 9, Administrative Record (AR), 22, 383.

[3] AR 22.

ORDER - 1

held before an Administrative Law Judge (ALJ) plaintiff appeared and testified, as did a vocational expert.[4] At that hearing plaintiff amended her alleged onset date of disability to July 23, 2009.[5]

In a decision dated April 25, 2011, the ALJ found plaintiff was able to perform other jobs existing in significant numbers in the national economy and therefore not disabled.[6] On September 13, 2012, the Appeals Council granted plaintiff's request for review, vacated the ALJ's decision, and remanded this matter for further administrative proceedings.[7] On remand, a second hearing was held before a different ALJ, at which plaintiff appeared and testified, as did a different vocational expert.[8]

In a decision dated September 16, 2013, the second ALJ also found plaintiff was able to perform other jobs existing in significant numbers in the national economy and therefore not disabled.[9] This time the Appeals Council denied plaintiff's request for review of the ALJ's decision making that decision the final decision of the Commissioner, which plaintiff then appealed to this Court. [10] The parties have completed their briefing, and this matter is now ripe for the Court's review.

Plaintiff argues the ALJ's decision should be reversed and remanded for an award of benefits, or for further administrative proceedings, because the ALJ erred:

    (1)    in failing to make a proper *de novo* decision;

---

[4] AR 56-99.
[5] AR 59.
[6] AR 173-85.
[7] AR 193-94.
[8] AR 100-167.
[9] AR 22-47.
[10] AR 1; 20 C.F.R. § 404.981, § 416.1481; Dkt. 3.

ORDER - 2

(2)   in failing to properly evaluate the medical evidence from Ramon Sanchez, M., Anna Borisovskaya, M.D., Alysa Ruddell, Ph.D., David Widlan, Ph.D., Meagan DeSart, MS, MHP, and James Hopfenbeck, M.D.;

(3)   in failing to offer valid reasons for not adopting all of the functional limitations state agency consulting psychologists, Kent Reade, Ph.D., and Alex Fisher, Ph.D., assessed;

(4)   in discounting plaintiff's credibility;

(5)   in rejecting the lay witness evidence from plaintiff's mother;

(6)   in assessing plaintiff's residual functional capacity (RFC); and

(7)   in finding plaintiff was capable of performing other jobs existing in significant numbers in the national economy.

Plaintiff further argues reversal is supported by additional evidence from Patricia Falsetto, MA, CDP, LMHC, submitted to the Appeals Council. The Court agrees the ALJ erred in failing to offer valid reasons for not adopting all of Dr. Reade's and Dr. Fisher's functional limitations, in assessing plaintiff's RFC, and in finding she was able to perform other jobs, but finds that while the ALJ's decision should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination.[11] "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision."[12] Substantial evidence is "such relevant evidence as a reasonable mind

---

[11] *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991).

[12] *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)).

ORDER - 3

might accept as adequate to support a conclusion."[13] The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record."[14]

Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required."[15] "If the evidence admits of more than one rational interpretation," that decision must be upheld.[16] "Where there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made."[17]

I.   The ALJ's RFC Assessment

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled.[18] If the claimant is found disabled or not disabled at any step thereof, the disability determination is made at that step, and the sequential evaluation process ends.[19] If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities."[20] A claimant's RFC assessment is used at step four of the sequential disability evaluation process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work.[21]

---

[13] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

[14] *Batson*, 359 F.3d at 1193.

[15] *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).

[16] *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

[17] *Id.* at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

[18] 20 C.F.R. § 416.920.

[19] *Id.*

[20] Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2.

[21] *Id.*

ORDER - 4

The ALJ found plaintiff has the mental RFC to perform jobs involving simple, routine tasks, occasional interaction with co-workers, and superficial interaction with the public, but she must avoid large groups of 20 or more people.[22] In so finding, the ALJ considered Dr. Reade's and Dr. Fisher's evaluation of plaintiff, in which they opined that she would "have difficulty maintaining regular attendance, but should be able to do so the majority of the time."[23] The ALJ stated he accorded "significant weight" to the conclusion that plaintiff could attend work the majority of the time, but as plaintiff points out gave no reasons why he included no such limitation in his RFC assessment.[24] Given that as plaintiff also points out the phrase "the majority of the time" could mean as little as just over half the time, the ALJ's omission likely would have a significant vocational impact on plaintiff's ability to work. That omission amounts to reversible error.

II.   The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant can do.[25] The ALJ can do this through the testimony of a vocational expert.[26] An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert.[27] The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial

---

[22] AR 27.

[23] AR 41, 617.

[24] AR 27, 41.

[25] *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e).

[26] *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

[27] *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

ORDER - 5

evidence.[28] The ALJ's description of the claimant's functional limitations thus "must be accurate, detailed, and supported by the medical record."[29]

The ALJ found plaintiff was able to perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff.[30] But because as discussed above it is far from clear that the ALJ's RFC assessment accurately describes all of plaintiff's mental functional limitations, here too it cannot be said that the ALJ's step five determination is supported by substantial evidence or free of error. Plaintiff argues she should be found disabled based on the vocational expert's additional testimony that an individual absent from work three or more days per week could not sustain competitive employment.[31] However, because it is unclear that the record – including the opinion of Drs. Reade and Fisher – supports such a limitation, the Court declines to find it does.

III.     Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits."[32] When the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."[33] It is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is

---

[28] *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

[29] *Id.* (citations omitted).

[30] AR 45-46.

[31] AR 162-63.

[32] *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

[33] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

ORDER - 6

appropriate."[34]

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose."[35] Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.[36]

Because issues remain regarding the opinion evidence from Dr. Reade and Dr. Fisher, plaintiff's RFC and plaintiff's ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

## CONCLUSION

The Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 5th day of May, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[34] *Id.*

[35] *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

[36] *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

ORDER - 7