UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIE A. HOUSTON,

                Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 2:15-cv-01025-KLS

ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)

This matter is before the Court on defendant's motion to amend the judgment under Federal Rule of Civil Procedure (Fed. R. Civ. P.) 59(e). For the reasons set forth below, that motion is denied.

Under Fed. R. Civ. P. 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[1] The Court "has considerable discretion when considering a motion to amend a judgment under Rule 59(e)."[2] It may grant a Rule 59(e) motion when "'necessary to correct *manifest errors of law or fact upon which the judgment is based*.'"[3]

In its order reversing and remanding this case, the Court noted that while the ALJ stated

---

[1] *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

[2] *Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

[3] *Id.* (emphasis in original) (citation omitted).

ORDER - 1

he accorded significant weight to the opinions of the state agency consulting psychologists – who found plaintiff would "have difficulty maintaining regular attendance, but should be able to do so the majority of the time" – the ALJ offered no explanation for excluding that limitation from his RFC assessment.[4] The Court found this constituted reversible error, because "the majority of the time" could mean as little as just over half the time, thus the ALJ's omission likely would have a significant impact on plaintiff's ability to work.[5] Defendant argues this finding amounts to clear error by violating the substantial evidence standard. The Court disagrees.

As defendant notes, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[6] Under this standard, the ALJ's reasons "need not be elaborate," but "simply clear enough to enable judicial review."[7] Defendant further notes that this is a "highly deferential . . . standard," that the Court "may not reweigh the evidence" or "substitute [its] judgment" for the ALJ's, and that "[t]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that [the] claimant is not disabled."[8] Last, defendant points out that "[e]ven when the evidence is susceptible to more than one rational interpretation," the Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."[9]

Defendant argues clear error exists here because under the substantial evidence standard,

---

[4] Dkt. 18, p. 5; AR 27, 41.

[5] *Id.*

[6] Dkt. 20, p. 4 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted)).

[7] *Id.* (quoting *T-Mobile S., LLC v. City of Roswell, Ga.*, 135 S.Ct. 808, 815 (2015)).

[8] *Id.* (quoting *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004); *Jamerson v. Chater*, 12 F.3d 1064, 1067 (9th Cir. 1997); *Winans v. Bowen*, 853 F.2d 643, 644-45 (9th Cir. 1987) (citation omitted)).

[9] *Id.* at pp. 4-5 (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)).

ORDER - 2

"the ALJ's rational interpretation (i.e. that Plaintiff could attend to her work almost all of the time) was entitled to deference."[10] Specifically, defendant asserts that "instead of determining whether the phrase 'the majority of time' . . . could be compatible with the ALJ's residual functional capacity finding," the Court "only considered whether there was an interpretation of the evidence that might support the alternative."[11]

Defendant's argument is deficient for two reasons. First, the ALJ never indicated he was interpreting the psychologists' opinion that plaintiff would "have difficulty maintaining attendance, but should be able to do so the majority of the time," to mean she could attend work almost all of the time. Rather, the ALJ merely stated he afforded significant weight to their opinion that she was "capable of attending work the majority of time."[12] Nor did the ALJ's RFC assessment itself contain any statement regarding plaintiff's ability to maintain attendance.[13] Thus, the Court was left with determining whether the absence of such a statement from the RFC assessment adequately describes plaintiff's ability in that area.

Defendant argues that in making this determination the Court inappropriately focused on whether there was substantial evidence that *could* support a finding of disability, not on whether substantial evidence supported the ALJ's actual disability determination. But as noted above, the ALJ's rationale still must be "rationally drawn" from the record and "clear enough" to allow for judicial review. Neither was present here. As just discussed, the ALJ merely stated that he agreed with the opinion that plaintiff could maintain attendance a majority of the time, without giving any indication what he – or the psychologists' – believed that phrase actually meant, or even that

---

[10] *Id.* at p. 5.

[11] *Id.*

[12] AR 41.

[13] AR 27.

ORDER - 3

he intended to adopt a limitation based on that opinion, given that the RFC assessment contained no mention of the ability to attend work.

In other words, just as it is improper to decline to uphold an ALJ's rationale if substantial evidence supports it, so too is it improper to impute a meaning to the ALJ's rationale that simply is not there. The latter is the situation in this case. Defendant points to a number of district court cases that found the phrase "the majority of the time" to be consistent with substantial evidence review. That other court cases have found that phrase to be consistent with such review does not alone mean it will in all cases. Indeed, each case is subject to its own distinct factual record, and defendant has not shown any of those other cases are so factually similar as to establish the Court committed *clear error* in this case.[14]

Defendant admits that in at least one other case, the Court has recognized that the phrase "the majority of the time" is ambiguous, but attempts to downplay this by rearguing why the ALJ's RFC assessment is consistent with the evidence in the record and therefore is correct.[15] That the phrase "the majority of the time" can be interpreted in different ways depending on the facts and circumstances of each case, however, necessarily shows that it *is* ambiguous, both in general and, for the reasons discussed herein, specifically in this matter. Defendant's motion to amend, therefore, is DENIED.

DATED this 16th day of June, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[14] *See* Dkt. 20, pp. 5-6.

[15] *Id.* at pp. 6-7.

ORDER - 4